OLD STATEN ISLAND DYEING ESTABLISHMENT, Appellant, *v.* SKINNER ENGINE COMPANY and Another, Respondents.

*Equity — irreparable injury, only in case of insolvency — absence of any allegation of insolvency.*

When the only ground upon which equity can be called upon to intervene in a case is that a person would suffer irreparable injury, which could only happen in case a certain person should be insolvent, and there is no allegation in the complaint that such person is insolvent, there is no ground for equitable interference.

APPEAL by the plaintiff, Old Staten Island Dyeing Establishment, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 6th day of December, 1893, denying the plaintiff's motion to continue a preliminary injunction.

This action was brought for the purpose of restraining the prosecution by the defendant the Skinner Engine Company of an action in the City Court of New York against the plaintiff, and praying that the respective rights, claims and obligations of the parties be determined in the present action.

The complaint contained, among others, the following allegations:

That in July, 1893, the plaintiff made his promissory note to the defendant William Barnhurst for $558.90 in payment of certain work to be thereafter completed by the defendant; that thereafter and about August 29, 1893, by reason of the defective work of Barnhurst, the plaintiff was damaged to the extent of $1,500; that on or about November 10, 1893, the defendant Skinner Engine Company commenced an action against the present plaintiff in the City Court of New York alleging the execution of such note by the plaintiff and the transfer thereof for a valuable consideration, before maturity, to the Skinner Engine Company, to which complaint in the City Court, the present plaintiff put in an answer alleging that Barnhurst was not a party to the action in the City Court and that the present plaintiff did not claim to recover against the Skinner Engine Company the amount of the damages caused by the defective work of Barnhurst, but only claimed in the City Court action to set off against the claim of the Skinner Engine Company the plaintiff's claim for damages caused by such defective work, and that in the City Court the plaintiff had no full, adequate and complete remedy.

The complaint in the present action further alleged that the Skinner Engine Company threatened and intended to continue in the prosecution of the action in the City Court, and that the plaintiff had notified Barnhurst of its damage by reason of his defective work, and that it would claim the same against him; that he knew he was liable therefor, and thereafter he fraudulently transferred the note to the Skinner Engine Company for the purpose of and intending to deprive the plaintiff of the benefit of its claim for such damages, by compelling it either to pay the note to the said company,

or to extinguish said claim by setting it off; that the plaintiff had no knowledge of his intention to transfer the note until after it had been transferred, of all of which the Skinner Engine Company had knowledge and notice.

*G. Zabriskie*, for the appellant.

*H. D. Ewing*, for the respondent.

PER CURIAM:

The only ground upon which equity can be called upon to intervene under the circumstances disclosed by the papers upon this appeal is that the plaintiff will suffer irreparable injury unless the court of equity restrains the prosecution of the action at law. This irreparable injury can be suffered only in case the original holder of the note is unable to respond to a judgment for the damages alleged to have been sustained by his failure to comply with the contract out of which the note in suit in the court of law arose.

In the complaint in this action we have been unable to find any allegation that the original holder of the note, against whom the plaintiff claims to have a cause of action for damages for breach of contract, is insolvent. If he is capable of meeting any judgment which may be obtained against him because of his alleged breach of contract, then, by the payment of the note in question to its holders, the plaintiff sustains no irreparable damage.

Without this allegation it seems to us the plaintiff fails to show any ground for equitable interference.

The order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.